UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10173-RWZ

STEPHANIE CACARES

v.

DONALD H. JACKSON, Jr.,
d/b/a TUBALCAIN ASSETS COMPANY, *et al.*

MEMORANDUM OF DECISION

January 11, 2011

ZOBEL, D.J.

Plaintiff Stephanie Cacares brings this action against Donald H. Jackson, Jr. d/b/a Tubalcain Assets Company, and his company Asset Management Options, LLC ("Asset Management"), as well as Unifund Corporation, Unifund CCR, and Unifund CCR Partners (hereinafter, the "Unifund Defendants") for inter alia, common law negligence, and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and Massachusetts Consumer Protection Laws, ch. 93A, §§ 1 et seq., in collection of a credit card debt allegedly owed by plaintiff.

The Unifund Defendants now move for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Docket # 24).

## I.    Facts

This case arose out of an attempt to collect a credit card debt allegedly owed by plaintiff to the Unifund Defendants. Plaintiff asserted throughout that "she never had the account in question, and never incurred the debt." Amended Comp. ¶¶ 24, 28, 33.

Unifund sold the debt to Asset Management, which was in the business of debt collection and whose "resident agent and manager" was defendant Jackson. Id. at ¶ 5. Four months after the purchase, Asset Management sold and transferred the account to Jackson d/b/a Tubalcain. Id. at ¶¶ 4, 13.

Plaintiff alleges that Jackson was an unlicensed debt collector and a disbarred lawyer who engaged in persistent, intimidating and deceptive behavior when collecting the debt. He did so through harassing letters, use of Freemasonry codes and symbols, an abusive collection lawsuit, and unauthorized practice of law, id. at ¶¶ 16-44, all of which violated the FDCPA (Count I), and Mass. Gen. Laws ch. 93A (Count V), and were negligent (Count III).

Plaintiff's allegations against the Unifund Defendants stem from the sale of the disputed account to Asset Management. Plaintiff contends that these defendants were negligent (Counts III and IV) and breached their duty of good faith and fair dealing (Count II). In addition, she argues that the same conduct gave rise to an action for violations of Mass. Gen. Laws ch. 93A (Count V).

## II. Legal Standard

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is analyzed under a standard substantially similar as that applied to motions for dismissal under Fed. R. Civ. P. 12(b)(6). See, e.g., Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). The court "must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). However, the court is "not bound to

accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

### III. Analysis

#### A. Negligence (Counts III and IV)

To prevail on a claim for negligence under Massachusetts law, a plaintiff must prove that "(1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached this duty; (3) damage to the plaintiff resulted; and (4) the breach of the duty caused this damage." Brown v. United States, 557 F.3d 1, 3 (1st Cir. 2009) (citing Jupin v. Kask, 447 Mass. 141, 849 N.E.2d 829, 835 (2006)).

Plaintiff first charges all defendants including the Unifund Defendants with negligence in releasing the plaintiff's social security number, nonpublic personal information, to third parties (Count III). This does not give rise to a cause of action for negligence, as no law prohibits a private seller of debt providing the purchaser with account information, including social security number.

Plaintiff next contends that the Unifund Defendants had a duty to ensure that the purchasers of the accounts they sold would carry out their collection activities lawfully, and that, in several respects, they failed to respect their duty.

However, plaintiff cites no case in which a court has held a seller to a duty to conduct due diligence on a purchaser of debt. Rather, it is well-settled that "there is no duty to protect others from the criminal or wrongful activities of third persons." Donver v. Edleman, 72 Mass. App. Ct. 904, 906, 891 N.E.2d 689, 691 (Mass. App. Ct. 2009). Indeed, the leading case explicitly so holds. See Sorenson v. Household Finance

Corp., Case No. G036109, 2006 WL 3187297, *7 (Cal. App. 4 Dist. Nov. 6, 2006) (there was no duty on the part of sellers to conduct due diligence on prospective purchasers). Significantly, the court reasoned that there was no evidence that "imposing [such] a legal duty to conduct due diligence on prospective buyers" would prevent future harm. Id. Without such a duty, plaintiff's claim here fails.

### B. Breach of Duty of Good Faith and Fair Dealing (Count II)

Next, plaintiff makes the novel argument that as a buyer and seller of debt, Unifund owed a duty of good faith and fair dealing which arises out of the FDCPA.[1] She further urges that Unifund owes a duty of good faith and fair dealing which is implied in contract (that is, the putative credit agreement whose existence plaintiff disputes). The facts underlying her legal theory are substantially the same as those asserted in support of the claim of negligence, as are the elements to sustain both claims.

To prevail on Count II, plaintiff must demonstrate that: (1) defendant owes plaintiff a duty to act in good faith and conduct fair dealing; (2) defendant breached that

---

[1]Plaintiff's claim as it relates to the FDCPA is unclear. While plaintiff pled a violation of the FDCPA against the Unifund Defendants in the original complaint, she appears to have dropped them from that count in the Amended Complaint. See Docket # 22 (Am. Comp. ¶¶ 48- 54) ("Count I: Violations of the Fair Debt Collection Practices Act against all [sic] Defendant Jackson.") The FDCPA prohibits harassment by debt collectors. See 15 U.S.C. § 1692d ("[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"). Plaintiff concedes that Unifund did not engage in harassing behavior. Nevertheless, plaintiff argues that Unifund violated the FDCPA in connection with a breach of the duty of good faith and fair dealing in her brief. See Docket # 27 (Plaintiff's Mem. in Supp. of Her Opp. to the Mot. for Judgment on the Pleadings at 5-6.)

duty; and (3) the breach of duty proximately caused plaintiff's damages. Washington v. Kellwood Co., 05 Civ. 10034 (DAB), 2009 WL 855652 at *6 (S.D.N.Y. Mar. 24, 2009). Notably, moreover, plaintiff may only maintain such an action in relation to a contractual relationship with the defendant. See, e.g., Goldstein v. Savings Bank Life Ins. Co. of Mass., No. 98-2330, 2006 WL 1720153, *14 (Mass. Super. Ct. Apr. 7, 2006). See also Huertas v. Galaxy Asset Mgmt., No. 09-2604, 2010 WL 936450, at *5 (D. N.J. Mar. 9, 2010). Thus plaintiff acknowledges that she relies not on any contractual failure by defendants, but that she "seeks to tread new ground" by asserting a duty of good faith and fair dealing under the FDCPA. While I recognize plaintiff's innovative approach, I find no legal basis for ruling that the FDCPA implies a duty of good faith and fair dealing. Defendants' motion is allowed as to Count II.

### C. Violation of Mass. Gen. Laws Ch. 93A (Count V)

Chapter 93A of Massachusetts General Laws creates a broad prohibition against "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2.

To state a claim under Mass. Gen. Laws Ch. 93A, plaintiff must demonstrate that the Unifund Defendants engaged in "conduct which is (1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; [and] (2) is immoral, unethical, oppressive, or unscrupulous." Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504, 396 N.E.2d 149, 153 (1979) (citations and internal quotations omitted). The basis of plaintiff's ch. 93A claim is again that the seller of debt failed to conduct due diligence on the purchaser, and such inquiry would have revealed that the

5

purchaser was a disbarred attorney. As noted above, however, there is no duty on the part of a seller to perform such due diligence. Nor can plaintiff demonstrate that Unifund's conduct falls within any statutory or common law concept of unfairness.

## IV. Conclusion

The Unifund Defendants' Motion for Judgment on the Pleadings (Docket # 24) is ALLOWED.


    January 11, 2011                             /s/Rya W. Zobel
        DATE                                    RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE